————o—◄⊙►—•————

Thomas H. Enright and another *vs.* Jeannette Hubbard.

*H* held three mortgages against *E,* the first and second being on different parcels of land and the third embracing both these pieces as well as other land. *E* afterwards mortgaged all the land to *W.* On a bill for a foreclosure brought by *H* against *E* and *W,* upon which the respondents appeared and were heard, the superior court found the whole amount due *H* on all the mortgages as one debt, and passed a decree that, unless *E* should pay this amount by a certain time fixed, he should be foreclosed of all right to redeem the whole property, and that unless *W* should pay by a certain later time fixed he should in like manner be foreclosed. After the expiration of the period limited without redemption, *E*

and *W* brought a writ of error to reverse the decree.   Held—1. That the decree was not erroneous in not providing that *W* should pay the mortgage debt *only in case E should fail to pay it*, as this was clearly implied.   2. That although there could be no tacking of the mortgages, and consequently *E* and *W* could not be required to pay the three mortgage debts and redeem all the mortgaged property or be foreclosed,·yet that, as they had made no objection in the superior court to the treating of the three mortgage debts as one indebtedness and to the decree in the form in which it was passed, and as they had not offered to pay any·one of the mortgage debts or to redeem any portion of the property during the time limited, they could not be heard to say that they were aggrieved by the error in the decree.   3. That the decree was not erroneous in requiring that interest be paid on the costs of the suit taxed by the court.

WRIT OF ERROR, to reverse a decree of foreclosure passed by the superior court in Hartford county, (*Carpenter, J.*) The case is sufficiently stated in the opinion.

*Goodman,* for the plaintiffs in error.

*C. Chapman* and *Waldo,* for the defendant in error.

HINMAN, C. J.   The defendant in error held three mortgages made by Enright, one of the plaintiffs in error.   The mortgage which was·last executed included, with some other adjoining property, both the parcels of land which were included in the first two mortgages, these mortgages being of two different parcels of land.   Subsequently to the execution of these three mortgages, Enright also mortgaged the whole tract included in· the three mortgages, to James White, the other plaintiff in error, to secure a small indebtedness.

On a bill to foreclose the three mortgages, brought by the defendant in error against the mortgagor, Enright, and to which his subsequent mortgagee, White, was made a party respondent,·the decree found the amount due on the petitioner's three mortgages to be $8,522.09, and decreed that unless Enright should pay the same by a certain time fixed, he should be foreclosed ; and·that unless White should pay the same by a certain·subsequent time stated in the decree, he also should be foreclosed ; and the first question is, whether this decree, upon these facts, is erroneous.

The decree is obviously correct, so far as the petitioner's last mortgage is concerned. That covered the whole property, and in any event would have to be redeemed to save any portion of the mortgaged property. But undoubtedly, if the attention of the superior court had been called to the subject at the time, the decree would have been so made as to limit the effect of the foreclosure upon the other two mortgages to the particular parcels embraced in them, since the rule of law that there can, generally, be no tacking of mortgages, is so well understood that no question would have been made in respect to it. But is it an error of which a party who is not shown to have suffered any thing by it can complain? The original suit on the bill to foreclose appears to have been fully defended. The decree, therefore, must be presumed to have been passed with full knowledge of the parties, who were all before the court. Had it occurred to either of them then that any injustice could arise from the blending of the three sums due into one, a suggestion would have been made on the subject, and there would have been a more specific and particular decree. And even after the decree was passed, had the party come forward and offered to redeem the last mortgage, or that and one of the others, we are not disposed to say that he would not have been permitted to do so, on a proper application to the court for that purpose. But to allow the party to wait until the decree has taken effect, and then bring a writ of error and reverse it, is to allow him to speculate upon the possible rise in value of property thus situated, and to secure a longer time for redemption than the court has decided that he is entitled to. And in this case, as it does not appear that the party complaining of the decree had any desire or intention to redeem any part of the mortgaged property without redeeming the whole, and as he made no intimation or suggestion that there was any irregularity in the decree at the time it was passed, but on the contrary appears to have treated the several mortgage debts as in fact constituting but one debt, and made substantially the same defense to the whole, it appears to us that sufficient ground is not shown for the reversal of the decree.

It is also assigned for error that the decree adds the taxed costs to the mortgage debt, and decrees that unless the whole is paid, together with legal interest thereon, on or before the times limited, the respondents shall be foreclosed. We suppose it has not been the common practice to direct interest to be paid upon the costs taxed in cases of foreclosure. But upon principle, after the costs are taxed, and so have become a legal debt, we do not perceive why it may not be as just and equitable that interest should be allowed upon them as upon the original indebtedness. And if there are any equitable circumstances requiring the interest to be paid upon the costs, we think there is nothing illegal in it which will render a decree to that effect erroneous. The costs taxed in cases of this kind have usually been small, and the interest upon them regarded as too unimportant to make any question about. But in a case where the costs are large in amount, and are made up for the most part of money paid out by the successful party in the prosecution of his suit, as is often the case, it seems but just that the costs, after they have been taxed, should carry interest as well as the principal debt. The costs after taxation have become a judgment debt, of as high a nature as the original debt itself. It appears to us therefore that it is quite safe that a matter of this sort should be left to the sound discretion of the court, and that error cannot be predicated upon the ruling of the court upon it.

It is claimed that the decree is erroneous because it does not make the payment of the debt by White to depend upon the failure of the mortgagor, Enright, to pay ; but provides that he shall be foreclosed if he fails to pay by the time limited, irrespective of the payment or non-payment by the mortgagor. We think however it is quite clear that if Enright had paid by the time limited for him to pay, the foreclosure could never have taken effect in respect to either of them. There was but one indebtedness, and after it was paid and extinguished a second payment could not be claimed. It would be a forced construction of the language of the decree to give it the meaning contended for. The language might have been more exact, still we think it clearly implied that

the foreclosure of White was only to take effect on the non-payment of the debt by both Enright and himself.

It appears to us therefore that there is no error in the decree complained of.

In this opinion the other judges concurred, except CARPENTER, J., who having tried the case in the court below did not sit.